IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AMOLNIS R. CESAR,<br><br>    Defendant. | CASE NO.  CR11-05164<br><br>ORDER DENYING MOTIONS IN LIMINE AND UNSEALING DOCUMENTS |

The parties have consented to have this matter proceed before a United States Magistrate Judge (ECF No. 4).  This matter is currently scheduled for a jury trial to begin on May 24, 2011.

Before the Court are two motions.  The Government has brought a motion in limine (ECF No. 13) asking that Officer Barnes be allowed to testify regarding the results of the Standard Field Sobriety Tests and to state his opinion regarding those tests.  After having heard oral argument, the Court DENIES the motion, WITHOUT PREJUDICE.  As explained during the hearing on April 25, 2011, the testimony is not admissible nor inadmissible, per se.  Until the Court evaluates the foundation for any proposed testimony, it is not in a position to rule on the admissibility or inadmissibility of this testimony.

Also, after the Court submitted proposed jury instructions to the parties, the Government brought a motion requesting that the jury be given Plaintiff's Proposed Jury Instructions 17 and

38 and be provided a Special Verdict Form (ECF No. 18).  Although the Government has characterized this as a "motion in limine," it is more appropriately considered as a resubmission of jury instructions.  The issue presented is whether or not the jury will be given Standard Washington Pattern Jury Instructions and a verdict form to reflect Defendant's alleged failure to comply with a request for a blood alcohol content ("BAC") test.  The Government cites the Assimilative Crimes Act ("ACA"), arguing that a jury must make this determination – and not the judge.  Defendant has responded that sentencing factors, such as an enhancement for refusing to take a BAC test, are matters for the judge to be determined at the time of sentencing (ECF No. 25).

It should be noted that the parties have agreed there is no dispute on the factual question. Plaintiff and Defendant agree the Defendant refused the BAC test.  Therefore, submitting a special verdict form to the jury on this question seems to be unnecessary and may be confusing. For instance, if the jury were to return a verdict of not guilty on both counts, then it would be of no consequence to the charges in this case if the jury were also to determine that the Defendant refused a BAC test.[1]  Since the factual question is not at issue and since the Government's proposed special verdict form may be confusing to the jury, it will not be given.

Finally, the Government filed an e*x parte*-sealed motion requesting an *in camera* review of documents (ECF No. 19).  The Government had not obtained prior permission to seal this pleading. Fed. R. Crim. P. 16(d)(1) provides:

> **Protective and Modifying Orders**.  At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief.  The court may permit a party to show good cause by a written statement that the court will inspect ex parte.  If

---

[1] There may be other administrative consequences that are not currently before this Court.

ORDER - [11-CR-05164]
Page 2

1
2
          relief is granted, the court must preserve the entire text of the
          party's statement under seal.

3      This Court did not permit the Government to file any document *ex parte*. Therefore, it
4 should not have been filed under seal.

5      The Court has reviewed the request submitted by the Government. In essence, the
6 Government has moved the Court for *in camera* review a "Notice of Proposed Suspension"
7 against Officer Edward Barnes and requested that this Court rule that the document is not
8 discoverable by Defendant.

9      While it is arguable that this document is irrelevant to the ultimate issues in this case and
10 should not go to the jury, the Defendant is still entitled to receive this information so that any
11 ruling by this Court is the result of advocacy by <u>both</u> sides and should not be decided on an *ex*
12 *parte* basis. Therefore, this Court ORDERS that the Government give Defendant a copy of the
13 "Notice of Proposed Suspension" (ECF No. 19-1) and Government's motion (ECF No. 19) is
14 hereby ORDERED UNSEALED.

15      Dated this 4th day of May, 2011.

16
17
18                                    _____
19                                    J. Richard Creatura
                                    United States Magistrate Judge
20
21
22
23
24