UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: CR11-5164 JRC |
| Plaintiff, ) | |
| ) | ORDER ON PLAINTIFF'S MOTION TO EXCLUDE IMPEACHMENT EVIDENCE |
| vs. ) | |
| AMOLNIS R. CESAR, ) | |
| Defendant. ) | |

Plaintiff has filed a Motion to Exclude Impeachment Evidence (ECF No. 29). Defendant has responded to the Government's motion (ECF No. 30).

Although not characterized as such, the Government's motion is a Motion in Limine and is asking this Court to prohibit Defendant, his counsel or any witness from making any reference to a Notice of Proposed Suspension or the underlying event, as described in Enclosure 1 to the motion (ECF No. 29). For the reasons set forth below, the government's motion is GRANTED.

FACTUAL AND PROCEDURAL SUMMARY

Officer Edward Barnes is the investigating and arresting officer in this case. He is the government's sole witness as to the events of January 23, 2011.

Apparently, Officer Barnes was involved in an incident on August 4, 2010 in which he was investigating a motor vehicle accident. Allegedly, he "threatened" two people in the area

ORDER [CR11-5164] - Page 1

with deadly force by drawing and brandishing his weapon.  Allegedly, he placed these civilians in handcuffs and detained them in the vehicle.  Also, allegedly, he also threatened occupants of a truck in the area with deadly force by brandishing his weapon even though he allegedly had no reasonable cause to believe that the occupants of the truck were directly involved in the incident.

The Director of Emergency Services, Robert M. Taradash, COL, MP, proposed to suspend Officer Barnes for this conduct.  The letter proposing this sanction states in part:

> When you improperly participated in a search off the JBLM installation in which you threatened and detained civilians, you went beyond your authority as a DACP officer and abused the trust placed in you by your supervisors and the public.

There is no evidence that the August 10, 2010 incident has been adjudicated or resolved or whether Officer Barnes is disputing the characterization of the events or the sanction.

The incident allegedly took place in August, 2010.  The charge for the subject offense was made on January 23, 2011.  And the letter proposing suspension was issued on April 15, 2011.

## DISCUSSION

Evidence is only admissible if it is relevant.  Evidence is relevant only if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." (ER 401.)

Certain evidence may be relevant for impeachment purposes.  Impeachment of a witness can take various forms.  If a witness's character or reputation for honesty is at issue, then it can be supported by evidence in the form of opinion or reputation testimony (ER 608(a)).  This is limited to evidence regarding a witness's character for truthfulness or untruthfulness and can

only be offered after the character of the witness has been attacked.  Extrinsic evidence regarding the conduct of a witness is generally inadmissible.  (ER 608(b).)

Although the offered testimony and opinion may call into question Officer Barnes' judgment, they do not call into question his reputation for truthfulness or untruthfulness.  Therefore, it is inadmissible as character evidence.

Defendant argues that Officer Barnes' allegedly aggressive tactics in the August, 2010 incident were replicated on the night of the alleged offense by the Defendant and that Officer Barnes told the Defendant's friend, Marcus Hinton to "shut up and leave" or Mr. Hinton would go to jail.  (ECF No. 30, page 2.)  Defendant is attempting to admit the testimony on the grounds that Officer Barnes has a history of being "overly aggressive."  (Id.)  Again, this does not go directly to the question of whether or not the defendant was either driving under the influence or driving negligently on the night in question.

Defendant cites in support of his position the case of Washington v. York, 621 P.2d 784 (Wn. App. 1980).  Defendant notes that in York the trial court was reversed for failure to admit testimony impeaching an undercover agent because the agent had been terminated from a sheriff's department for alleged "irregularities and unsuitability for the job."  Id. at 785.  Unlike the York case, however, the prosecutor, who had successfully obtained an order in limine from the court preventing any reference to this evidence then made the inappropriate closing argument, "There's no reason at all to doubt the testimony of [the witness]. . . .  He's done a good job just like he's done in the past in his prior jobs."  Id.

Obviously, the prosecutor's comment was inaccurate and directly contrary to the testimony that had been disallowed.  It is not surprising, therefore, that the Court of Appeals reversed the trial court on the grounds that allowing the prosecutor's argument violated

"fundamental fairness" and that the defendant should have had the opportunity to impeach the witness rather than allow this inaccurate statement to go unrebutted.

Here, on the other hand, the government has not yet offered testimony regarding Officer Barnes' standing in the military. Depending on what testimony is elicited, this alleged inappropriate conduct may or may not be relevant. At this time, any probative value the prior incident may have to the issues in this case is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. (ER 403). This issue may be revisited by the parties during trial depending on the evidence elicited.

The purpose of an order in limine is to prevent reference to evidence or testimony until and unless the court grants permission. This will prevent any unfair prejudice or confusion of the issues before the jury.

Therefore, the parties, their counsel and any witnesses that may be called to testify are instructed not to make reference to the alleged incident of August of 2010 involving Officer Barnes or the letter of proposed suspension until or unless permission is given by this Court outside the presence of the jury.

DATED this 23rd day of May, 2011.

J. Richard Creatura
United States Magistrate Judge